PER CURIAM.
Bernard Newsome appeals his convictions for battery and resisting arrest with violence *1251 and the sentence imposed on the resisting charge. We affirm the convictions and sentence but remand for corrections to the judgment.
The judgment lists the battery as a third-degree felony. Battery is a first-degree misdemeanor. Section 784.03(2), Fla.Stat. (1991). The trial court, upon remand, shall correct the judgment to show this.
The judgment reflected the following costs: $20 pursuant to section 960.20; $3 pursuant to section 943.25(4); $2 pursuant to section 943.25(8); and $200 as additional court costs. Newsome challenges all of these costs except the $20 award. We conclude that these costs are mandated statutorily.[1] The trial court merely used an outdated judgment form which did not reflect the current applicable statutory authority. We remand for entry of a judgment which shows the correct statutory authority. See Veracierta v. State, 589 So.2d 950 (Fla.2d DCA 1991).
We affirm the convictions and sentence and remand for corrections to the judgment. The defendant does not need to be present.
FRANK, C.J., and RYDER and PARKER, JJ., ^concur.

. Section 943.25(3), Florida Statutes (1991) mandates a $3 cost for the criminal justice trust fund. Section 943.25(13), Florida Statutes (1991) authorizes local governments to require the court to impose a $2 cost for criminal justice education degree programs and training courses. Section 27.3455, Florida Statutes (1991) mandates that the court impose on a felony offender additional costs of $200.